MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201-0300
Telephone: 509.850.7011

THOMAS G. JARRARD
The Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington
Spokane, WA 99201
Telephone: 425.239.7290

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANA LUGO,<br><br>        Plaintiff,<br><br>   v.<br><br>HIGHLINE SCHOOL DISTRICT,<br><br>        Defendant. | NO. _____<br><br>COMPLAINT FOR VIOLATIONS OF USERRA, DEMAND FOR DAMAGES, AND TRIAL BY JURY<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

**COMES NOW** Plaintiff, Ana Lugo, through his attorneys, and alleges as follows:

**I.     PARTIES AND JURISDICTION**

1.1     Plaintiff, Ana Lugo, worked within the Western District of Washington at all times pertinent hereto.

1.2     Defendant Highline School District is a local government entity located in Burien, Washington.

1.3     All acts complained of occurred in the Western District of Washington.

1.4     The Federal Court for the Western District of Washington has jurisdiction over this matter under 38 U.S.C. § 4323(b)(1)-(3) and 28 U.S.C. § 1331.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 1

1.5     Venue is proper in the Federal Court for the Western District of Washington under 38 U.S.C. § 4323(c)(1)-(2) and the Defendant exercised authority in this judicial district. This Court has personal and subject matter jurisdiction.

1.6     As it relates to Ms. Lugo's RCW 49.60.180 claim, Ms. Lugo served Defendant with a notice of tort claim on October 23, 2020. Sixty days have elapsed since October 23, 2020. The administrative requirements for asserting the state law claim against Defendant have been satisfied.

## II.    FACTS

2.1     Plaintiff incorporates the above paragraphs as set forth verbatim herein.

2.2     At all times relevant to this lawsuit Ms. Lugo served in the U.S. Navy Reserves.

2.3     Defendant first hired Ms. Lugo in May 2007 as an office assistant in an on-call capacity.

2.4     In the February 2008 timeframe, Defendant hired Ms. Lugo as a tutor. As a tutor Ms. Lugo received medical and retirement benefits and worked in a fulltime capacity.

2.5     In the February 2015 timeframe, Defendant hired Plaintiff as a special education teacher at Des Moines Elementary School.

2.6     Plaintiff then applied for a position at New Start High School and began working there in August 2015.

2.7     While employed at New Start Ms. Lugo's supervisor was Mike Sita.

2.8     Mr. Sita did not like Ms. Lugo's military reserve requirements.

2.9     Before the school year begins New Start held administrative meetings.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 2

2.10    One such meeting took place in August of 2016. Mr. Sita summoned Ms. Lugo into a small room. Ms. Lugo felt somewhat claustrophobic. Both Mr. Sita and Ms. Lugo remained standing.

2.11    Mr. Sita began that meeting by interrogating Ms. Lugo about her priorities and commitments, stating in part "Ana, I want to talk to you about your military service and what you're doing here."

2.12    Mr. Sita continued his interrogation by admonishing Ms. Lugo with questions including, "where is your heart at? Where is your loyalty? Where do you want to be: here or the Navy?"

2.13    Ms. Lugo replied "both places. In each place I influence young lives and I feel I can make a difference in both places."

2.14    Mr. Sita continued his admonishment, saying "well, only one of these is your fulltime job and it isn't the Navy. This is your bread and butter. This is what pays your bills."

2.15    Mr. Sita's admonishments made Ms. Lugo feel that her job was in jeopardy.

2.16    In the June 2017 timeframe, Ms. Lugo told Mr. Sita, via email, that Ms. Lugo was being activated for the Navy at the end of July.

2.17    Mr. Sita curtly responded to Ms. Lugo and told her to send her order to Human Resources (HR).

2.18    Although not required to do so under USERRA, Ms. Lugo forwarded her mobilization orders to HR.

2.19    Ms. Lugo's mobilization orders were originally for 330 days.

2.20    Later, the Navy amended those orders and extended Ms. Lugo's military duty through the January 31, 2020 timeframe.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 3

2.21    Ms. Lugo served in Qatar, the UAE, Bahrain, and Virginia from July 2017 to January 2020.

2.22    In the July 2019 timeframe, Ms. Lugo called and emailed Laura Castaneda (HR) to tell Ms. Castaneda that her military orders had been extended. Ms. Castaneda told Ms. Lugo to contact Christine McGarr (HR). Ms. Lugo called Ms. McGarr who told Ms. Lugo that she had been terminated in June (2019) for failing to maintain her teaching certificate.

2.23    On November 4, 2019, Ms. Castaneda confirmed the July 2019 conversation via test to Ms. Lugo:



2.24    Ms. Lugo's military orders ended on January 30, 2020, whereupon she was honorably discharged.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 4

2.25 On or about February 7, 2020, Ms. Lugo went to the Highline School District headquarters to let the District know she had returned from military duty and gave notice of her intent to return to work.

2.26 On or about February 13, 2020, Ms. Lugo again traveled to District HR and asked to talk to HR. The receptionist told Ms. Lugo that HR was busy. Ms. Lugo left a message for Ms. Castaneda to call Ms. Lugo.

2.27 Shortly thereafter, Ms. Castaneda called Ms. Lugo back and told Ms. Lugo that if she wanted to work at the District "she'd have to apply for another job opening." Ms. Lugo asked to talk to the HR Director so as to explain the situation to which Ms. Castaneda said words to the effect of "it's gonna be a waste of time because she's going to tell you the same thing." Ms. Lugo nevertheless called the director and left voicemail but Highline never called her back.

2.28 Ms. Lugo again called Ms. Castaneda to ask to speak with the HR Director. In response to that request Ms. Castaneda said words to the effect of "Christina is not going to call you back. If you want to work here, you'll have to apply for an open position."

2.29 Upon information and belief, Defendants hired new teachers in 2020.

2.30 Defendants did not reemploy Ms. Lugo.

2.31 After terminating Ms. Lugo, and refusing to reemploy her, Defendants did not offer Ms. Lugo any training or accommodations to become qualified for employment.

2.32 Ms. Lugo then tried to resolve the issue through the Employer Support for Guard and Reserve (ESGR), an agency whose job it is to resolve issues like this between employers and military reserve employees.

2.33 The ESGR contacted Defendant but Defendant refused to resolve the issue.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 5

2.34 Ms. Lugo then filed a complaint with the Department of Labor, Veterans Employment and Training Service (DOL/VETS).

2.35 DOL/VETS conducted an investigation of Ms. Lugo's USERRA reemployment rights and determined that the District violated USERRA by failing to reemploy Ms. Lugo.

2.36 The District then offered to reemploy Ms. Lugo, but only if, Ms. Lugo agreed to waive her USERRA rights and not to sue Defendants.

2.37 To the extent that Defendant alleges application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

2.38 Upon information and belief, Defendant maintained workplace posters that set out employer responsibilities under USERRA as required by 38 U.S.C. § 4334.

### III.  CAUSES OF ACTION

### CAUSE OF ACTION NO. 1 - VIOLATION OF 38 U.S.C. § 4312-4313

3.1 In order to enjoy USERRA's reemployment protections, a plaintiff must: (a) be a member of the Armed Forces of the United States; (b) give notice to his employer of the plaintiff's military obligations; (c) serve honorably during the military service period; (d) give timely notification, to the employer, of plaintiff's intent to return to work; and, (e) serve less than five years with the military (absent varied exceptions). 38 U.S.C. § 4312.

3.2 Ms. Lugo is a member of the Navy Reserves.

3.3 Ms. Lugo gave notice to Defendant of her military mobilization that began on July 28, 2017.

3.4 Ms. Lugo served honorably during the above-referenced military service obligation.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 6

3.5     Ms. Lugo timely and repeatedly applied for reemployment within 90 days of her military service ending.

3.6     Upon returning to work Defendant was obligated to reemploy Ms. Lugo in the following "order of priority": (1) the position that the employee would have attained with reasonable certainty if not for the employee's absence due to military service ("the escalator position"); (2) the position that the employee was employed on the date that the period of service began ("the pre-service position"); or (3) if the employee is not qualified for (1) or (2) above, any other position that is the nearest approximation first to (1) and then to (2) ("the nearest-approximation position"). 38 U.S.C. § 4313(a)(1)(A)-(B) & (a)(4); 20 C.F.R. § 1002.191; 20 C.F.R. § 1002.196(a)-(c).

3.7     Defendant did not reemploy Ms. Lugo in the position she occupied before going on her military duty.

3.8     Defendant did not offer Ms. Lugo a position comparable to her pre-deployment job upon her return from military duty.

3.9     Defendant did not offer Ms. Lugo a position that was approximate to her pre-deployment job upon her return from military duty.

3.10    Defendant's failure to follow USERRA's reemployment statutes and regulations have caused Ms. Lugo damage in an amount to be proven at trial.

**CAUSE OF ACTION NO. 2 – VIOLATION OF RCW 49.60.180**

3.11    The Washington Law Against Discrimination (WLAD), RCW 49.60.180, makes it an unlawful practice for an employee to discriminate against an employer on account of the employee's military or veteran status.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 7

3.12     Defendant also violated the WLAD by failing to re-employ Ms. Lugo following her service in the U.S. Navy Reserves.

3.13     Defendant's actions caused Ms. Lugo damages in an amount to be proven at trial.

### CLAIM FOR LIQUIDATED DAMAGES

3.14     The Defendant absolutely knew that its conduct was prohibited under the provisions of USERRA, and its conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), because Plaintiff's immediate supervisor, Mr. Sita, previously served in the U.S. Navy in an active duty and reserve capacity. Mr. Sita's biography states that he retired from the Navy Reserves in 2006. The word "retired" carries weight in the context of this USERRA case as a high ranking retired reservist like Mr. Sita knew or should have known that its intended actions violated the law and the Defendant carried out said illegal conduct with knowledge and responsibility.

3.15     To the extent that any contract, agreement, collective bargaining agreement, policy or practice of the Defendant constitutes any limitation on Ms. Lugo's rights under USERRA (such as the requirement that Ms. Lugo maintain her teaching certificate while deployed and that her failure to do so justified Defendant's actions in firing her) it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

### IV.     PRAYER FOR RELIEF

4.1     Plaintiff respectfully demands a jury trial as to her USERRA and her state law claim and further to be awarded compensation for all injury and damage suffered. To wit:

    a.     both economic and non-economic damages in the amount to be proven at trial including back pay, front pay, lost benefits of employment, negative tax consequences of any award;

COMPLAINT FOR DAMAGES AND JURY DEMAND - 8

        b.      liquidated damages and general damages; and,

        c.      reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323 and as otherwise provided by law.

    4.2    Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. 38 U.S.C. § 4323(d)(1)(A, B).

    4.3    USERRA also empowers a court to use "its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits" of the service member. *Id*. § 4323(e). A court may award the prevailing party reasonable attorneys' fees, expert witness fees, and other litigation expenses. *Id*. § 4323(h)(2).

    4.4    Based on the violations discussed previously, Plaintiff asks the Court for the following:

        a. Declare that Defendant's failure to reemploy Ms. Lugo violated USERRA, 38 U.S.C. §§ 4312-4313;

        b. Declare that Defendant's violations of USERRA were willful pursuant to, 38 U.S.C. § 4323(d)(1)(C);

        c. Award plaintiff general damages.

        d. Order such other relief as may be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 or any similar rule of law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 9

DATED this February 5, 2021.

*/s Matthew Crotty*
MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201
Telephone: 509.850.7011

*/s Thomas G. Jarrard*
THOMAS G. JARRARD
The Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington
Spokane, WA 99201
425-239-7290

COMPLAINT FOR DAMAGES AND JURY DEMAND - 10